# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8**:** 09-cr-308-24TBM

JOSHUA P. TEFFT,

    Defendant

_____/

## **O R D E R**

In April 2014, the United States Sentencing Commission ("Commission") promulgated and submitted to Congress Amendment 782 to the United States Sentencing Guidelines, which reduced the sentencing guidelines for most federal drug trafficking offenders. Specifically, Amendment 782 reduced by two levels the offense levels in USCG § 2D1.1(c)'s Drug Quantity Table. In July 2014, the Commission promulgated Amendment 788 and amended USCG § 1B1.10, which made Amendment 782 retroactive (effective November 1, 2014) but delayed until November 1, 2015 the effective date for orders reducing prison terms based on Amendment 782. See United States v. Peak, 579 FOPS 888, 891 n.1 (11th Cir. 2014).

Before the Court is Defendant's Motion for Sentence Reduction Under Amendment 782 (Dt. 62 ) and the Government's response (Dt. 66 ). In his motion, Defendant seeks a sentence reduction based on Amendment 782. Additionally, Defendant seeks release from custody prior to November 1, 2015, the delayed release date selected by the Commission in its policy statement, USCG § 1B1.10(e). The

Government disagrees that Defendant is eligible for the two-level reduction under Amendment 782, and it opposes Defendant's request to be released before November 1, 2015.

Defendant was sentenced before the effective date of Amendment 782. The retroactive application of Amendment 782 therefore reduces his sentencing guidelines range by two levels. Where a defendant's original sentence was based on a sentencing range which has subsequently been lowered by a retroactive guidelines amendment, the defendant's sentence may be reduced "if such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Defendant's guideline range has not been lowered by Amendment 782. At sentencing, the Court established the Defendant's total offense level was 41, criminal history category of II, sentencing range 240 months. (240 months was the maximum statutory penalty and the Defendant's guideline range would have been 324 to 405 months .)  By applying Amendment 782, the Defendant's total offense level becomes a 39, criminal history category II but his amended guideline range remains the 240 month statutory maximum, (The guideline range for total offense level of 39, criminal history category II is 292-365 months) Accordingly, Defendant is not eligible for a sentence reduction under Amendment 782 because his sentencing range has not been lowered.

## Conclusion

Defendant's Motion for Sentence Reduction Under Amendment 782 (D.t. 62) is **Denied.** Defendant's sentence remains at 87 months. All other terms and conditions of the

sentence imposed on October 28, 2009 as amended on May 8, 2014 remain the same.

Because the Court has denied relief under Amendment 782, it need not address Defendant's request for release prior to November 1, 2015.

    **DONE and ORDERED** in Chambers at Tampa, Florida, on March 6, 2015.

*[signature]*
SUSAN C. BUCKLEW
United States District Judge

**COPIES FURNISHED TO**:
Counsel of Record